UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KHALIF L., et al.,

    Plaintiff(s),                        No. C 09-2723 PJH

    v.                                   **ORDER**

CITY OF UNION CITY, et al.,

    Defendant(s).

_____/

        Before the court is plaintiffs' "ex parte" application for an order extending the deadline for filing their reply to defendants' opposition to their motion for class certification. It is unclear why plaintiffs have labeled their motion as "ex parte" given that such motions are made without notice to the opposing party and are permitted only if a statute, federal or local rule, or standing order permits. *See* Civil L. R. 7-10. The court construes the motion as one for administrative relief as permitted by Civil L. R. 7-11 or as a motion to change time as permitted by Civil L. R. 6-3. The motion was filed on November 30, 2011, the same day that the reply brief was due. As the court was in session all day on November 30, 2011, it unsurprisingly, was unable to consider the request before expiration of the deadline. Defendants filed their opposition to the motion on November 30, 2011.

        In support of the requested extension, plaintiffs' counsel, Ms. Price filed a declaration in which she merely offers that she "commenced a trial in another matter pending before the Honorable Susan Illston" and that "[a]t the same time Attorney John L. Burris was scheduled to travel to Washington D.C. to represent a client subpoenaed to appear before a grand jury there." Price Decl., ¶ 5. No other details are provided. A review of Judge Illston's docket reveals that Ms. Price is listed on the docket, as one of four

attorneys, but not as lead counsel, for the plaintiff in *Davis v. Prison Health Services Inc., et al.* C 09-2629.  The September 28, 2011 minute order for that case also shows that Ms. Price was present in court when the trial date was set by Judge Illston for November 28, 2011.  Thus, when Ms. Price appeared for case management conference on October 6, 2011, at which time the briefing schedule was set in this case, she was aware that her reply brief would be due two days after the trial in the *Davis* matter commenced.  Accordingly, without more, a due date falling during the course of a trial does not provide good cause for extending the due date.  With regard to the reference to Mr. Burris' unavailability, no details are provided as to when the travel was to occur and for how long, and for how that travel would impact plaintiffs' counsels' ability to comply with the deadlines imposed in this case. Moreover, no mention is made whatsoever about the availability or unavailability of the other two attorneys listed as counsel for this case.  In sum, plaintiffs have not established good cause for an extension of the deadline.

Despite the absence of good cause, given that the deadline has already expired, which was inevitable given that the motion was not filed in advance of the deadline plaintiffs seek to extend, the court will permit an extension of 5 days, to **12:00 noon Monday December 5, 2011**.  If the reply brief is not filed by this date and time, it will not be considered.

The parties' papers are not entirely clear about what filings are intended in addition to the reply brief.  Plaintiffs may file whatever briefs are permitted by the federal and local rules.  Counsel for **both** sides should re-familiarize themselves with the local rules and in particular with Civil L. R. 7-3, as it is apparent that the rules have been forgotten or misconstrued.

Finally, the court takes this opportunity to clarify its expectations and requirements for the future litigation of this matter.  While the court appreciates the generosity of defense counsel in, at least initially, agreeing to a one week extension of plaintiffs' deadline, that week was not defendants' to give.  The briefing schedule was set in open court with the

2

input of counsel and the court intentionally scheduled the hearing date for three, not two, weeks after completion of the briefing.  So if the hearing date is to be maintained, any additional time allotted to plaintiffs necessarily reduces the time the court has set for itself to prepare for the hearing.

Accordingly, the court enters the following two orders that will apply for the duration of this litigation:

1. Any date or deadline specifically set by the court may not be changed by the parties by stipulation, rather the party desiring the change must make a request in writing based upon demonstrable good cause, and

2. Any future request for a change in a date or deadline set by the court, must be made in advance of the deadline.  Any request not made in advance will be denied.

**IT IS SO ORDERED.**

Dated: December 1, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge