UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KHALIF L., et al.,

    Plaintiffs,

    v.

CITY OF UNION CITY,

    Defendant.

_____/

No. C 09-2723 PJH

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SIXTH AMENDED COMPLAINT**

    Plaintiff's motion for leave to file a sixth amended complaint came on for hearing before this court on January 23, 2013. Plaintiff Steve S. ("plaintiff") appeared through his counsel, Pamela Price. Defendant City of Union City ("defendant" or "Union City") appeared through its counsel, Rachel Wagner. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part plaintiff's motion for leave to file a sixth amended complaint for the reasons stated at the hearing and as set forth below.

    Plaintiff's motion is GRANTED as to the two new causes of action asserted against Union City, for (1) violation of 42 U.S.C. § 1982, and (2) violation of the Fair Housing Act. Because this case had been proceeding as a class action until May 8, 2012, the court finds that plaintiff had good reason to wait until after class certification was denied to assert these two causes of action, which likely applied to only a small subset of the putative class. Also, because the two new causes of action arise out of the same general set of facts as does plaintiff's section 1983 claim against Union City, allowing these claims to go forward will not unduly prejudice defendant.

However, to the extent that plaintiff now seeks to assert a section 1983 claim against three individual Union City police officers, plaintiff's motion is DENIED.  As defendant points out, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." Union Pacific Railroad Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).  Plaintiff has not presented any reason why this cause of action could not have been asserted earlier or why these defendants could not have been added earlier.  The theory of their liability is almost identical to that as to Union City and their identities have been known for years.  Accordingly, the court finds that the addition of three new defendants, more than three years after the original complaint was filed, and after it has been amended five times already, would be unduly prejudicial to those defendants, particularly given the absence of good cause for their omission up to this point.    Plaintiff may file a sixth amended complaint, consistent with this order, by **January 30, 2013**.  The caption of the complaint must bear the full name of Steve S., who is the only remaining plaintiff in the case, and who is now proceeding as an adult (rather than through a guardian ad litem), and must omit reference to plaintiffs who have dismissed their claims.  Defendant must answer or otherwise respond to the sixth amended complaint by **February 20, 2013**.  For purposes of clarity, any future reference to the sixth amended complaint should be styled as "6AC," and not as "SAC."

**IT IS SO ORDERED**.

Dated: January 23, 2013

PHYLLIS J. HAMILTON
United States District Judge